# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM 40747 (f rev)** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **David H. HER** | ) | |
| **Technical Sergeant (E-6)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 2** |

On 17 March 2026, this court remanded Appellant's case to the Chief Trial Judge, Air Force Trial Judiciary, to (1) insert Special Order A-5, dated 22 January 2024, (2) insert missing audio from the closed court session (covering pages 17–22 of the transcript), and (3) correct any other portion of the record of trial that is determined to be missing or defective hereafter, after consultation with the parties. On 8 April 2026, the Government provided a timely status update indicating "the legal office identified that the record of trial was missing other audio that was not identified by this [c]ourt. The legal office has obtained that audio from the court reporter and is working to correct the deficiency in the record."

The record of trial was returned and re-docketed with this court on 14 April 2026, with a certificate of correction signed by the military judge, dated 24 March 2026, accompanied by two attachments: (1) "Inserting Special Order A-5, dated 22 January 2024;" and (2) "Inserting audio files from the closed court session (i.e., pages 17–22 of the trial transcript) into the record."

On 12 May 2026, the Government moved this court to attach a second certificate of correction, dated 15 April 2026, reflecting three attachments.[1] The first two attachments were the same as from the 24 March 2026 certificate of correction: (1) Special Order A-5, and (2) audio files from the closed court session. These attachments were not physically included with this second certificate of correction. However, the third attachment did accompany the 15 April 2026 certificate of correction: (3) "Inserting audio files from arraignment into

---

[1] Within this motion, the Government indicates the military judge executed the first certificate of correction on 14 April 2026. This statement is incorrect as the military judge's first certificate of correction is dated 24 March 2026

the record."[2] On 18 May 2026, counsel for Appellant responded to the Government's motion to attach by "defer[ring] to the [c]ourt regarding how best to correct the incomplete record of trial pursuant to Rules for Courts-Martial [(R.C.M.)] 1112 and 1113."

Rule for Courts-Martial 1112(b), *Contents of record of trial*, specifically states that the record of trial in every special and general court-martial shall include, *inter alia*, "a substantially verbatim recording of the court-martial proceedings except sessions closed for deliberations and voting." R.C.M. 1112(b)(1). Rule for Courts-Martial 1112(f), *Attachments for appellate review*, lists matters that can be attached to the record, but are not contents within the record. Audio recordings of open and closed sessions, such as arraignments, must therefore, be included in the record of trial, and shall not be attached to the record of trial.

"[I]f a record is incomplete or defective, a court reporter or any party may raise the matter to the military judge for appropriate corrective action." R.C.M. 1112(d)(2). "A superior competent authority [such as Courts of Criminal Appeals] may also return the record of trial to the military judge for correction under this rule. *Id.* Upon notice of the matter, "[t]he military judge shall give notice of the proposed correction to all parties [of the court-martial] and permit them to examine and respond to the proposed correction." *Id.*

At the time of the military judge's 15 April 2026 certificate of correction, the record of trial was already re-docketed with the court. As the remand was complete, the 15 April 2026 certificate of correction and attachment (3), the audio files from arraignment, are not part of the record of trial.[3]

The court has considered the Government's motions, Appellant's response, case law, and this court's Rules of Practice and Procedure.

Accordingly, it is by the court on this 27th day of May, 2026,

**ORDERED:**

Government's Motion to Attach dated 12 May 2026 is **DENIED**.

---

[2] This 15 April 2026 certificate of correction contains a footnote indicating the parties and the military judge determined audio files from the arraignment were missing from the record after the completion of the 24 March 2026 certificate of correction.

[3] We note the military judge's 15 April 2026 certificate of correction did comply with the requirements of R.C.M. 1112(d)(2)–(3) as she did account for the portion of the record that was missing, *i.e.*, the audio of the arraignment, and consulted with the parties. The certificate of correction was merely not returned in time for it to be placed in the record of trial prior to re-docketing.

The record of trial in Appellant's case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, for proper insertion of attachment (3) into the record of trial. R.C.M. 1112 (b)(1), (d)(2).

**It is further ordered:**

The record of trial will be returned to the court not later than **10 June 2026**. If the record cannot be returned to the court by that date, the Government will inform the court in writing not later than **8 June 2026** of the status of the Government's compliance with this order.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court